466 S.E.2d 447

## HARRISON COUNTY BOARD OF EDUCATION, a Public Corporation, Plaintiff Below, Appellee,

v.

## Pamela CARSON–LEGGETT and West Virginia Human Rights Commission, Defendants Below, Appellants.

### No. 22735.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 1995.

Decided Dec. 8, 1995.

Barbara Evans Fleischauer, Morgantown, Delby B. Pool, Clarksburg, for the Appellant Pamela S. Carson–Leggett.

Darrell V. McGraw, Jr., Attorney General, Paul R. Sheridan, Senior Assistant Attorney General, Charleston, for the Appellant West Virginia Human Rights Commission.

Basil R. Legg, Jr., David J. Romano, Law Offices of David J. Romano, Clarksburg, for the Appellee Harrison County Board of Education.

PER CURIAM:

This action is before this Court upon the joint petition of Pamela S. Carson–Leggett and the West Virginia Human Rights Commission for an appeal from the final order of the Circuit Court of Kanawha County, West Virginia. As reflected in that order, entered on July 21, 1994, the circuit court ruled that Ms. Carson–Leggett (hereinafter the "appellant") was barred by *res judicata* and collateral estoppel from pursuing her sex discrimination claims against the appellee, the Harrison County Board of Education. In particular, the circuit court determined that the claims could not be pursued before the West Virginia Human Rights Commission (hereinafter the "Human Rights Commission") since those claims had been litigated by the appellant before the West Virginia Education and State Employees Grievance Board.

For review of this controversy, this Court has before it all matters of record and the briefs and argument of counsel. In light of our recent opinion in *Vest v. Board of Education of the County of Nicholas,* 193 W.Va. 222, 455 S.E.2d 781 (1995), we reverse.

## I

In 1970, the appellant was hired as a teacher by the Harrison County Board of Education, and, later, the appellant obtained a master's degree in Secondary Administration. In 1984, the Harrison County Board of Education awarded the appellant the administrative position of assistant principal of South Harrison High School. However, in 1989, as a result of budget limitations and a decline in student enrollment, the appellant was reassigned to teaching.

Soon after the appellant's reassignment, several principal and assistant principal posi-

598

tions became available with regard to South Harrison High School, Roosevelt–Wilson High School and Salem Junior High School. The appellant applied for those positions but was not hired. With the exception of one female, the Harrison County Board of Education selected males for the positions.

As a result of her failure to receive an administrative position with the Harrison County Board of Education after her 1989 reassignment, the appellant filed a number of grievances with the West Virginia Education and State Employees Grievance Board. *W.Va.Code*, 29–6A–1 [1988], *et seq.* Specifically, the record indicates that, from 1989 through 1992, a total of seven grievances were filed, each of which involved issues of sex discrimination.[1] Nevertheless, each grievance resulted in a decision adverse to the appellant.[2]

In addition, the appellant, in 1989, filed two administrative complaints against the Harrison County Board of Education with the Human Rights Commission. *W.Va.Code*, 5–11–1 [1967], *et seq.* Those complaints are the subject of this appeal and also concern sex discrimination. The first complaint, No. ES–20–90, alleged that the Harrison County Board failed to appoint the appellant to various administrative positions because of sex discrimination. Specifically, the complaint alleged that the appellant lost seniority with the Harrison County Board because of prior acts of discrimination, and, since that time, less qualified males, with less seniority, had been selected for the positions. The second complaint, No. REP–103–90, alleged that the Harrison County Board engaged in acts of reprisal against the appellant because she filed the first complaint, No. ES–20–90. Sex discrimination in employment, and reprisals for seeking redress therefor under The West Virginia Human Rights Act, are, of course, unlawful. *W.Va.Code*, 5–11–9 [1992].

As the parties state, the Human Rights Commission conducted an investigation and found probable cause substantiating the appellant's two complaints. Moreover, the Human Rights Commission rejected the assertion of the Harrison County Board that, because of the proceedings before the West Virginia Education and State Employees Grievance Board, the two complaints were barred by *res judicata* and collateral estoppel.

1. The procedures of the West Virginia Education and State Employees Grievance Board are set forth in chapter 29, article 6A, of the *West Virginia Code*. In *W.Va.Code*, 29–6A–2(i) [1988], the term "grievance" is defined as:

any claim by one or more affected state employees alleging a violation, a misapplication or a misinterpretation of the statutes, policies, rules, regulations or written agreements under which such employees work, including any violation, misapplication or misinterpretation regarding compensation, hours, terms and conditions of employment, employment status or discrimination; any discriminatory or otherwise aggrieved application of unwritten policies or practices of their employer.

Moreover, in *W.Va.Code*, 29–6A–2(d) [1988], the term "discrimination" is defined as "any differences in the treatment of employees unless such differences are related to the actual job responsibilities of the employees or agreed to in writing by the employees."

Similar definitions of "grievance" and "discrimination" may be found in *W.Va.Code*, 18–29–2(a) and (m) [1992], concerning grievance procedures for education employees, and its predecessor, *W.Va.Code*, 18–29–2(a) and (m) [1985]. It should be noted, however, that the Education Employees Grievance Board is now the West Virginia Education and State Employees Grievance Board. *W.Va.Code*, 29–6A–5 [1988].

2. According to the complaint seeking injunctive relief filed by the Harrison County Board of Education in the circuit court, the appellant was denied relief with regard to seven grievances against the Harrison County Board filed with the West Virginia Education and State Employees Grievance Board.

The grievances involved, *inter alia*, issues of sex discrimination and were as follows: (1) grievance filed April 26, 1989, challenging appellant's reassignment from an administrative position to a teaching position, (2) grievance filed June 9, 1989, asserting appellant's entitlement to the position of principal of South Harrison High School, (3) grievance filed August 31, 1989, asserting appellant's entitlement to the positions of principal and assistant principal at Roosevelt–Wilson, (4) grievance filed October 23, 1989, questioning the neutrality of a Grievance Board hearing examiner, (5) grievance filed December 21, 1990, asserting appellant's entitlement to the position of assistant principal at Salem Junior High School, (6) grievance filed May 3, 1991, asserting appellant was not provided with adequate reasons for her nonselection for the position of assistant principal at Roosevelt–Wilson and (7) grievance filed August 11, 1992, asserting appellant's entitlement to the position of principal of South Harrison High School.

In January 1993, the Harrison County Board of Education filed a complaint for injunctive relief in the Circuit Court of Kanawha County, again advancing the issues of *res judicata* and collateral estoppel. Specifically, the complaint indicated that the Human Rights Commission was "without jurisdiction" to proceed upon complaints ES–20–90 and REP–103–90 because the issues raised therein had been litigated by the appellant before the West Virginia Education and State Employees Grievance Board.

Upon review, the circuit court determined that the appellant's sex discrimination claims had been "fully and completely litigated" before the West Virginia Education and State Employees Grievance Board. As the final order of July 21, 1994, states, the circuit court ruled that the appellant was, thus, barred by *res judicata* and collateral estoppel from pursuing her complaints before the Human Rights Commission. This appeal followed.

## II

■ Relying principally upon *Vest v. Board of Education of the County of Nicholas, supra,* the appellant contends that barring her from pursuing her sex discrimination claims before the Human Rights Commission, because she had resorted to grievance procedures, denies the appellant her rights under The West Virginia Human Rights Act. *W.Va.Code,* 5–11–1 [1967], *et seq.* A brief in support of that contention, and also citing *Vest,* was filed by the Human Rights Commission. The Harrison County Board of Education, on the other hand, contends that a strict application of *Vest* in this action, which would allow the appellant to proceed before the Human Rights Commission, would constitute a harsh result, since the appellant's sex discrimination claims were already litigated to a conclusion before the Grievance Board. Thus, the Harrison County Board asserts that the circuit court properly applied *res judicata* and collateral estoppel. It should be noted that inasmuch as the final order in this action was entered on July 21, 1994, the circuit court did not have the benefit of our decision in *Vest,* in 1995.

Pursuant to The West Virginia Human Rights Act, equal opportunity in employment without regard to gender has been defined as a protected human right or civil right. As the declaration of public policy set forth in the Act states, a denial of that right, or other rights under the Act, "to properly qualified persons by reason of race, religion, color, national origin, ancestry, sex, age, blindness, handicap, or familial status is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society." *W.Va.Code,* 5–11–2 [1989]. In *Skaff v. Human Rights Commission,* 191 W.Va. 161, 444 S.E.2d 39 (1994), we observed that the legislative declaration of public policy contained in *W.Va.Code,* 5–11–2 [1989], is "both broad and beneficial." 191 W.Va. at 162, 444 S.E.2d at 40.

Moreover, The West Virginia Human Rights Act, in *W.Va.Code,* 5–11–3(h) [1994], provides a definition of the term "discrimination." As that section states: "The term 'discriminate' or 'discrimination' means to exclude from, or fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry, sex, age, blindness, handicap or familial status and includes to separate or segregate[.]" That definition appears, generally, in prior versions of *W.Va.Code,* 5–11–3, and is somewhat different from the definition of "discrimination" found in *W.Va.Code,* 29–6A–2(d) [1988], and *W.Va.Code,* 18–29–2(m) [1992], concerning the West Virginia Education and State Employees Grievance Board. *See* n. 1, *supra.*

■ The ostensible overlap of statutory remedies for discrimination in the area of employment, as between the Human Rights Commission and the West Virginia Education and State Employees Grievance Board, was the subject of this Court's review in the *Vest* case. Syllabus point 3 thereof holds: "A civil action filed under the West Virginia Human Rights Act, W.Va.Code, 5–11–1, *et seq.,* is not precluded by a prior grievance decided by the West Virginia Education and State Employees Grievance Board arising out of the same facts and circumstances."

In *Vest*, the plaintiff contended that she was terminated from her employment as a substitute teacher in Nicholas County, West Virginia, because of pregnancy and sex discrimination. The plaintiff filed a grievance against the Nicholas County Board of Education with the Grievance Board but, later, withdrew that portion of the grievance which alleged discrimination. Thereafter, the grievance was denied upon other grounds. In addition to the grievance, the plaintiff filed an action in federal court under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and The West Virginia Human Rights Act. The Nicholas County Board of Education asserted that, in view of the proceedings before the Grievance Board, the federal action was barred by *res judicata* and collateral estoppel.

Upon certified questions, this Court, in *Vest*, recognized that, although the West Virginia Education and State Employees Grievance Board has authority to provide relief for discrimination in the area of employment, the Grievance Board "does not have authority to determine liability under the West Virginia Human Rights Act." Syl. pt. 1, *Vest, supra.* Moreover, finding it unnecessary to determine whether the plaintiff "actually litigated" her discrimination claim before the Grievance Board, we held in *Vest*, as indicated above, that Grievance Board determinations have no "preclusive effects" over human rights claims. 193 W.Va. at 226, 455 S.E.2d at 785. As Justice Cleckley, in *Vest*, eloquently stated:

> We cannot allow the substantial protections promised by the Human Rights Act from such assaults on our personal and institutional integrities to be compromised by unthinking adherence to technical doctrines. If we permit public employers to use prior decisions rendered by a loose administrative apparatus—engaged in by unwary and often uncounseled employees and lacking important procedural rudiments—to preclude victims of discrimination from subsequently invoking the promises made by the Human Rights Act, we, thereby, would add our own breach of trust to those already committed by public discriminators. Thus, we refuse to so hold.

193 W.Va. at 228, 455 S.E.2d at 787. *See also Liller v. Human Rights Commission,* 180 W.Va. 433, 376 S.E.2d 639 (1988); *Davis v. Kitt Energy Corp.,* 179 W.Va. 37, 365 S.E.2d 82 (1987).

Although this Court does not have before it the merits of the appellant's sex discrimination claims, we are of the opinion that our decision in *Vest* is dispositive of this appeal. The principles expressed in *Vest* inexorably lead to the conclusion that the circuit court, in this action, committed error in determining that *res judicata* and collateral estoppel bar the appellant from pursuing her claims before the Human Rights Commission. As indicated above, the circuit court did not have the benefit of the *Vest* decision. The appellant's litigation of her grievances had no preclusive effect upon her rights under The West Virginia Human Rights Act.

Accordingly, upon all the above, the final order of the Circuit Court of Kanawha County, entered on July 21, 1994, is reversed, and the appellant is not barred from pursuing her complaints concerning sex discrimination, No. ES–20–90 and No. REP–103–90, before the Human Rights Commission.

Reversed.

ALBRIGHT, J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.